UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------X
MICHAEL CABASSA,                    :
                                    :
        Petitioner                  :
                                    :
             v.                     :    NO. 3:08CV113 (EBB)
                                    :    NO. 3:06CR18 (EBB)
UNITED STATES OF AMERICA,           :
                                    :
        Respondents.                :
                                    :
------------------------------------X

## RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

Petitioner Michael Cabassa has moved, pro se, for the court to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging that the court improperly calculated his criminal history. For the following reasons, the motion [Doc. No. 1] is DENIED.

Petitioner Cabassa was indicted, along with five co-defendants, in a twenty-count indictment alleging violations of various federal narcotics laws. On August 25, 2006, Cabassa pleaded guilty to Count Eleven of the indictment, which charged him with possession with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

In his plea agreement, the petitioner acknowledged that the government had filed a second offender notice, pursuant to 21

1

U.S.C. § 851, notifying him of its intent to seek an enhancement of the petitioner's sentence on the ground that he had a prior conviction. He further acknowledged in his plea agreement that, because he had a prior conviction for a felony drug offense, he would face a mandatory minimum sentence of 20 years followed by at least 10 years of supervised release. When he entered his guilty plea, the petitioner waived his right to appeal or to collaterally attack his conviction and sentence so long as the sentence imposed did not exceed 20 years.

On January 17, 2007, the court sentenced the petitioner to 240 months imprisonment followed by 10 years of supervised release. The petitioner did not challenge his conviction or sentence on direct appeal.

Because the petitioner waived his right to collaterally attack any sentence not exceeding 20 years, his claims in this motion are barred. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001). A § 2255 petitioner who has waived his or her rights to collaterally attack a conviction or sentence may, notwithstanding the waiver, challenge "the validity of the process by which the waiver has been procured." Frederick v. Warden, Lewisburg Correctional Facility, 308 F.3d 192, 195 (2d Cir. 2002), cert. denied, Frederick v. Romine, 537 U.S. 1146 (2003). Cabassa, however, has not challenged the validity of his plea or of his waiver of collateral attack rights, and so the waiver will be

2

enforced.

Even if Cabassa had not waived his right to collaterally attack his sentence and conviction, his petition would be dismissed because his claims are without merit. The subject of the government's second offender notice was the petitioner's January 5, 2001, Connecticut state court conviction for the sale of hallucinogens or narcotics, in violation of Connecticut General Statutes § 21a-277. The petitioner claims that the court was wrong to consider this conviction in calculating his sentence because he was not represented by counsel when he was convicted in state court. However, the Connecticut state court records relating to that case clearly show that a public defender was appointed to represent petitioner. (Gov.'s Response, Ex. A.) Petitioner therefore has not established that the court's sentence was improper.

It was on the basis of the January 5, 2001, conviction that the petitioner faced a mandatory minimum of 240 months for his conviction in this court. See 21 U.S.C. § 841(b)(1)(A). The petitioner makes a number of claims alleging problems with the other prior convictions listed in his Presentence Report. These claims are moot because these other prior convictions played no role in the court's calculation of the sentence. Finally, because the petitioner was sentenced to a mandatory minimum, his argument that he should have received a reduction for acceptance of

responsibility is without merit.[1]

CONCLUSION

For the foregoing reasons, the motion [Doc. No. 1] is DENIED.

SO ORDERED.

    /s/
ELLEN BREE BURNS
SENIOR U.S. DISTRICT JUDGE

Dated at New Haven, Connecticut this 11th day of July, 2008.

---

[1] To the extent that the petitioner is also seeking a reduction in his adjusted offense level under the guidelines pursuant to the recent amendment to the United State Sentencing Guidelines with respect to cocaine base, he is also in error. Because the petitioner was sentenced to the statutory mandatory minimum sentence, the calculation of the sentencing guidelines played no role in the determination of his sentence.